807 So.2d 485 (2002)
Argie GILCHRIST, Appellant
v.
Chele Ann VEACH, M.D., Appellee.
Argie Gilchrist, Appellant,
v.
John Frenz, M.D., Appellee.
Nos. 2000-CP-01737-COA, 2000-CA-00659.
Court of Appeals of Mississippi.
February 12, 2002.
*486 Argie Gilchrist, Appellant, pro se.
Mildred M. Morris, Kathleen P. Morgan, Jackson, Attorneys for Appellee.
Before KING, P.J., LEE, IRVING, and BRANTLEY, JJ.
LEE, J., for the Court.
¶ 1. On January 26, 1998, Argie Gilchrist filed a complaint against John A. Frenz, M.D. alleging medical malpractice. On February 6, 1998, she amended her complaint and named Chele Ann Veach, M.D. *487 as an additional party defendant. Eventually, summary judgment was granted in favor of Dr. Veach and Dr. Frenz. For this appeal we are only asked to review the granting of the summary judgment in favor of Dr. Veach. Gilchrist has filed a timely pro se appeal and presents the following issues: (1) whether the circuit court erred in granting summary judgment to Dr. Veach and (2) whether immunity for physicians who have employee status at hospitals governed by the Mississippi Tort Claims Act violates the remedy clause. Finding these issues without merit, we affirm the trial judge's granting of summary judgment in favor of Dr. Veach.

FACTS
¶ 2. On January 26, 1998, Gilchrist filed her complaint against Dr. Frenz. On February 6, 1998, Gilchrist amended the complaint and named Dr. Veach as an additional defendant. The complaint stated that on January 26, 1996, Gilchrist was admitted into Rankin County Medical Center under the care of Dr. Frenz and Dr. Veach for a lumbar spine decompression and that as a result of their care in relation to this procedure it was discovered on January 27, 1996, that she had suffered a stroke. Gilchrist asserted that the stroke was related to the procedure and that its occurrence constituted medical malpractice by Dr. Frenz and Dr. Veach.
¶ 3. As stated earlier, we are only reviewing the granting of the summary judgment in favor of Dr. Veach; therefore, we will only consider her answer to the complaint.
¶ 4. Dr. Veach answered the complaint and asserted several defenses. For the purpose of this appeal, the defenses of particular importance are those dealing with the Mississippi Tort Claims Act. Additionally, Dr. Veach asserted that the action was barred by the general two year statute of limitations for medical malpractice causes of action. The defenses are of importance because the trial judge relied on them when he granted Dr. Veach's motion for summary judgment.

DISCUSSION

Preliminary Matters
¶ 5. Dr. Veach contends that pursuant to Mississippi Rules of Appellate Procedure Rule 4(a) Gilchrist failed to file a timely appeal and her action is barred. Dr. Veach notes that there were two parties involved in this action: Dr. Frenz and herself. When Dr. Veach was granted summary judgment Gilchrist filed a timely appeal. However, the Mississippi Supreme Court dismissed her action for failure to obtain a Mississippi Rules of Civil Procedure Rule 54(b) final judgment certification because Dr. Frenz remained a defendant regarding Gilchrist's claim for medical malpractice. Thereafter, no Rule 54(b) certification was obtained by Gilchrist, but Dr. Frenz was granted summary judgment. Dr. Veach argues that as a result of the court granting Dr. Frenz's motion for summary judgment, Gilchrist no longer needed to obtain a Rule 54(b) final judgment. Dr. Veach asserts that Gilchrist had thirty days from the date of Dr. Frenz's summary judgment to file an appeal and she failed to timely do so; therefore, her appeal is barred.
¶ 6. On May 28, 1998, trial judge Samac S. Richardson granted Dr. Veach's motion for summary judgment. Thereafter, Gilchrist filed an appeal to the Mississippi Supreme Court. On January 13, 2000, the Mississippi Supreme Court rendered an opinion which concluded that Mississippi Rule of Civil Procedure Rule 54(b) applied because Dr. Frenz had not been dismissed. See Gilchrist v. Veach, 754 So.2d 1172 (¶ ¶ 5-7) (Miss.2000). The Mississippi Supreme *488 Court determined that the granting of the motion for summary judgment as it pertained to Dr. Veach did not adjudicate the claims against Dr. Frenz and were not certified as a final judgment under Rule 54(b). Id. at (¶ 7). Therefore, the order was interlocutory and not appealable and was dismissed due to the lack of an appealable order. Id.
¶ 7. On March 21, 2000, prior to receiving a Mississippi Rules of Civil Procedure Rule 54(b) certification regarding Dr. Veach, Dr. Frenz was granted summary judgment. Dr. Veach argues that the dismissal of Dr. Frenz eliminated the need to receive a final judgment under Rule 54(b). Therefore, Dr. Veach argues that pursuant to Mississippi Rules of Appellate Procedure Rule 4 that Gilchrist had thirty days from March 21, 2000, to file her notice of appeal regarding Dr. Veach. Nevertheless, the record indicates that a hearing regarding a Rule 54(b) certification for Dr. Veach was held on May 30, 2000, before Judge Samac S. Richardson and that an order declaring a final judgment was entered on May 31, 2000. Gilchrist filed her notice of appeal on June 23, 2000.
¶ 8. We are not persuaded by Dr. Veach's argument. A review of the final judgment entered by Judge Kitchens granting Dr. Frenz's motion for summary judgment assists this Court in reaching the conclusion that Gilchrist's appeal was timely filed. The judgment reads as follows:
The Defendant John A. Frenz, M.D. ("Dr. Frenz) filed a Motion for Summary Judgment seeking the dismissal of all claims against him in this medical malpractice action. On March __, the Court entered an order sustaining Dr. Frenz's motion. A copy of this Order is attached as Exhibit "A." Pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure, the Court expressly determines that there is no just reason for delay in entering Final Judgment in favor of Dr. Frenz. The Court, therefore, enters this Final Judgment dismissing with prejudice all claims asserted by the Plaintiff against Dr. Frenz.
This Order does not relate to the claims against Chele Ann Veach, M. D.
Ordered, this the 21 day of March, 2000.
Technically the above referenced order dismissed Dr. Frenz as a defendant and would have taken this case out of the scope of Mississippi Rules of Civil Procedure Rule 54(b) because there were no longer multiple parties involved. See M.R.C.P. 54(b) cmt. Nonetheless, we determine that the language contained within the judgment signed by Judge Kitchens governs, and he did not treat the dismissal of Dr. Frenz as a final dismissal of all parties.
¶ 9. In the final judgment for Dr. Frenz, Judge Kitchens made reference to Rule 54(b), which indicates that he still considered another party present. However, even more convincing is the statement that "[t]his Order does not relate to the claims against Chele Ann Veach, M. D." Therefore, Gilchrist was justified in relying on this language and in not filing her notice of appeal until within thirty days after the May 31, 2000 order entered by Judge Richardson regarding the Rule 54(b) certification for Dr. Veach.

Standard of Review
¶ 10. The lower court is vested with the discretion to grant a summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Collier v. Trustmark Nat'l Bank, 678 So.2d 693, 695 (Miss.1996); M.R.C.P. 56. The standard of review on appeal when a *489 trial judge grants a motion for summary judgment allows this Court to review the record de novo to determine if there was error on the part of the trial judge in granting the motion. Id. In a motion for summary judgment, the movant and nonmovant maintain burdens of production paralleling their burdens of proof at trial. Id. at 696. The party that is seeking summary judgment has the burden of persuading the trial judge that there are no genuine issues of material fact, and that based upon the facts, he is entitled to a summary judgment. Phillips v. Hull, 516 So.2d 488, 491 (Miss.1987).

I. WHETHER THE CIRCUIT COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO DR. VEACH.

AND

II. WHETHER IMMUNITY FOR PHYSICIANS WHO HAVE EMPLOYEE STATUS AT HOSPITALS GOVERNED BY THE MISSISSIPPI TORT CLAIMS ACT VIOLATES THE REMEDY CLAUSE.
¶ 11. Neither party disputes that at the time of the alleged incident, Rankin County Medical Center was a "community hospital" as defined in Miss.Code Ann. § 41-13-10(c) (Rev.1993). Therefore, as dictated in § 41-13-11(5) (Rev.1993) it is governed by and afforded the immunity protections of §§ 11-46-1 through 11-46-23 of the Mississippi Tort Claims Act. Having stated this, we now look to the errors asserted by Gilchrist.
¶ 12. Gilchrist argues that summary judgment was improper because there exist genuine issues of fact regarding her treatment by Dr. Veach, as well as Dr. Veach's employment status.
¶ 13. The summary judgment granted by the trial judge was done on the basis that Dr. Veach was an employee of Rankin County Medical Center, and that as an employee the action was governed by the Mississippi Tort Claims Act. Consequently, Gilchrist failed to comply with the Act, and as a result of her noncompliance her action was barred.
¶ 14. On appeal, Gilchrist contests the sufficiency of the evidence that was presented by Dr. Veach regarding her status as an employee with Rankin County Medical Center, and urges this Court to reverse and remand the case for further discovery. In particular, Gilchrist argues that prior discovery revealed that Dr. Veach purchased her own independent policy of insurance for potential malpractice actions. Gilchrist contends this shows that Dr. Veach was an independent contractor and negates Dr. Veach's assertion that she is an employee of the hospital protected by the Mississippi Tort Claims Act. Gilchrist claims that if additional discovery were allowed more facts may be revealed to indicate that Dr. Veach was an independent contractor. On the other hand, Dr. Veach argues that pursuant to the test stated in Miller v. Meeks, 762 So.2d 302, 310 (¶ 20) (Miss.2000), sufficient evidence was presented to establish that she was an employee of Rankin County Medical Center at the time of the alleged malpractice.
¶ 15. In the past this Court has applied the general factors listed in Richardson v. APAC-Mississippi, Inc., 631 So.2d 143, 150 (Miss.1994), to determine if an individual has the status of an employee or an independent contractor. However, recently the Mississippi Supreme Court has tailored factors that more specifically assist in determining the employment status of physicians who have an employment contract with the state for the purposes of potential immunity under the Mississippi Tort Claims Act. See Miller, 762 So.2d at 310 (¶ 20). In Miller, the Mississippi Supreme *490 Court addressed the issue of employee/independent contractor status regarding a physician at the University of Mississippi Medical Center who was treating private-pay patients. Id. at 309 (¶ 18). The five factors stated in Miller are as follows:
1. the nature of the function performed by the employee;
2. the extent of the state's interest and involvement in the function;
3. the degree of control and direction exercised by the state over the employee;
4. whether the act complained of involved the use of judgment and discretion;
5. whether the physician receives compensation, either directly or indirectly, from the patient for professional services.
Id.
¶ 16. The affidavit of Thomas Wiman, administrator of Rankin County Medical Center stated Dr. Veach was hired in her capacity as an anesthesiologist and was a full-time employee of Rankin County Medical Center. As a full-time employee Dr. Veach received a straight salary from the hospital. Additionally, the affidavit of Wiman, as well as Dr. Veach's contract for employment reveals that Rankin County Medical Center provided her with a work schedule and designated which physicians she would be assisting. The nature of Dr. Veach's treatment of Gilchrist was to administer anaesthesia to Gilchrist within the course of her duties for the hospital. Additionally, the control of the hospital over Dr. Veach is indicated by the fact that the hospital provided all of the office space, utilities, supplies, and equipment necessary for the performance of Dr. Veach's services. Furthermore, the contract stated "the Anesthesiologist will confine his/her practice of anesthesiology to the Hospital." The employment contract also stated that the hospital would be responsible for billing and would retain all collections as income for the hospital. We conclude that the hospital's control over Dr. Veach and the performance of her duties was significant.
¶ 17. As stated in the employment contract, Rankin County Medical Center had an interest in having a full-time trained anesthesiologist on staff because as stated in the employment contract it allowed for "24-hour coverage, coordination of schedules and assignments, administrative case and efficiency, consistency and uniformity in book and personnel, and quality patient care." Additionally, Dr. Veach's administration of anesthesia to the hospital's patients was controlled by the "medical standards, the Bylaws of the Medical Staff of the Hospital, ... the Bylaws of the Hospital, and the terms and conditions set forth in the agreement."
¶ 18. As mentioned earlier, Gilchrist argues that the fact that Dr. Veach had malpractice insurance indicated that she may have been an independent contractor. However, this argument affords Gilchrist no relief because the acquisition of the insurance was obtained as one of many conditions of employment imposed on Dr. Veach by Rankin County Medical Center.
¶ 19. While the action complained of involved some exercise of judgment by Dr. Veach, it has been stated by the Mississippi Supreme Court that a physician must necessarily retain a significant amount of discretion in the execution of his/her profession; therefore, this factor is not outcome determinative. See Sullivan v. Washington, 768 So.2d 881, 885 (¶ 22) (Miss.2000).
¶ 20. As far as compensation is concerned, the affidavit of Wiman states "[a]s part of her contract, Dr. Veach was provided *491 all of the employee benefits, including vacation, participation in the retirement plan, and the hospital's insurance benefits." This statement was reiterated in the language in the employment contract.
¶ 21. After comparing the facts of this case with the factors listed in Miller v. Meeks, we determine that Dr. Veach was an employee of Rankin County Medical Center and additional discovery is not necessary. This conclusion means that Dr. Veach was entitled to the sovereign immunity protection afforded under Miss.Code Ann. § 11-46-7(2) (Supp.2000) of the Mississippi Tort Claims Act. Therefore, this issue is without merit. However, our analysis of this issue is not complete because Gilchrist asserts that if we determine that Dr. Veach is an employee then the sovereign immunity that is afforded her is in violation of the remedy clause of the Mississippi Constitution.
¶ 22. Although it was in a different factual context, the issue of whether the provisions of Mississippi Code Annotated §§ 11-46-1 through 11-46-23 violated the remedy clause of art. 3, § 24 of the Mississippi Constitution was addressed in Quinn v. Mississippi State Univ., 720 So.2d 843, 848 (¶ 22) (Miss.1998). The Mississippi Supreme Court concluded that these sections do not constitute a violation of the remedy clause. Id. As held in the past, the court concluded that "the remedy clause is not an absolute guarantee of a trial and that it is the legislature's decision whether to address restrictions upon actions of the government." Id. (citations omitted).
¶ 23. Gilchrist also urges us to apply the law as stated in Womble v. Singing River Hosp., 618 So.2d 1252 (Miss.1993); however, this is no longer good law in this situation. In Knight v. McKee, 781 So.2d 121, 123 (¶ 7) (Miss.2001), the Mississippi Supreme Court limited the holding in Womble, and concluded that the remedy clause did not grant the courts the authority to revoke the immunity provided to physicians who were classified as employees of the State of Mississippi. We find the above cases persuasive and, accordingly, this argument is without merit.
¶ 24. Having resolved these issues, we briefly review whether Gilchrist's complaint against Dr. Veach was time-barred under Miss.Code Ann. § 11-46-11(3) (Supp.2000) which states:
All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days from the date the chief executive officer of the state agency receives the notice of claim, or for one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity ... For the purposes of determining the running of limitations periods under this *492 chapter, service of any notice of claim or notice of denial of claim shall be effective upon delivery by the methods statutorily designated in this chapter....
Gilchrist's complaint states that she received her surgery on January 26, 1996, and that on January 27, 1996, she was aware that she had suffered a stroke. Therefore, pursuant to the above stated code section, Gilchrist was required to take action against Dr. Veach prior to January 27, 1997. Unfortunately, Gilchrist did not attempt to comply with the statutory requirements until January 26, 1998. On this date, Gilchrist had a letter hand-delivered to Dr. Veach and Mr. Wiman, as well as filing her initial complaint against Dr. Frenz. Unfortunately, according to the aforementioned statute, this letter was untimely and would not serve to toll the statute of limitations. Therefore, the amended complaint which was filed by Gilchrist on February 6, 1998, which named Dr. Veach as a defendant was untimely and barred by the statute of limitations.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. BRIDGES, J., NOT PARTICIPATING.